972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Efrain GRAGEDA-MENDOZA, Defendant-Appellant.
 No. 91-2193.
 United States Court of Appeals, Tenth Circuit.
 July 21, 1992.
 
 Before STEPHEN H. ANDERSON, Circuit Judge, and McWILLIAMS and SNEED* Senior Circuit Judges.
 ORDER AND JUDGMENT**
 McWILLIAMS, Senior Circuit Judge.
 
 
 1
 This case was initially set for oral argument. However, counsel for both parties waived oral argument. After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. The cause is therefore submitted without oral argument. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9.
 
 
 2
 On February 20, 1991, a federal grand jury sitting in the District of New Mexico returned a two-count indictment against Efrain Grageda-Mendoza, the appellant, and a co-defendant, Jose Luis Lira-Salcido a/k/a Noe Marufo-Jimenez. In count 1 both were charged with the unlawful importation into the United States of less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(4) and 18 U.S.C. § 2. Count 2 charged both with the unlawful possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(D) and 18 U.S.C. § 2.
 
 
 3
 Grageda-Mendoza filed a motion to suppress the use at trial of statements made by him to Border Patrol agents and to also suppress the use at trial of any physical evidence obtained as a result of those statements, including the 110 pounds of marijuana which Grageda-Mendoza was allegedly transporting from Mexico into New Mexico. The district court held an evidentiary hearing on the motion to suppress, and at the conclusion thereof the district court denied the motion.
 
 
 4
 Following a jury trial, Grageda-Mendoza was convicted on both counts of the indictment and he was duly sentenced on each count. Grageda-Mendoza appeals and the only issue raised is whether the district court erred in denying his motion to suppress. We conclude that the district court did not err.[1]
 
 
 5
 The basis for the motion to suppress was that because of his intoxicated condition Grageda-Mendoza was incapable of giving a truly voluntary confession, and that accordingly his statements to the Border Patrol agents were "inherently untrustworthy." At the hearing on the motion to suppress, the two Border Patrol agents who arrested Grageda-Mendoza testified. The gist of their testimony was that, although Grageda-Mendoza had been drinking, he was nonetheless coherent and, in effect, "knew what was going on." Grageda-Mendoza did not testify at the hearing on his motion to suppress, but his co-defendant, Lira-Salcido did. The latter's testimony was that Grageda-Mendoza was drunk, or at least a "little drunk."
 
 
 6
 In reviewing a denial of a motion to suppress, the district court's findings of fact must be accepted by us unless they are clearly erroneous. United States v. Butler, 904 F.2d 1482, 1484 (10th Cir.1990); United States v. Lopez, 777 F.2d 543, 548 (10th Cir.1985). The degree of Grageda-Mendoza's intoxication is an issue of fact and the district court's finding in that regard is not, in our view, clearly erroneous. Accordingly, on the state of the present record the district court did not err in denying the motion to suppress.
 
 
 7
 The testimony of the two Border Patrol agents, to which the district court stated it was giving credence, was that although Grageda-Mendoza had been drinking, he nonetheless knew what he was doing and that his statements to the Border Patrol agents were knowingly and voluntarily made. The co-defendant's testimony regarding Grageda-Mendoza's state of sobriety was equivocal and far from convincing. As we said in United States v. Falcon, 766 F.2d 1469, 1476 (10th Cir.1985), the government, at a hearing on a motion to suppress a confession, is required to prove voluntariness only by a preponderance of the evidence. The government met this test.
 
 
 8
 In support of our disposition of the matter, see Boggs v. Bair, 892 F.2d 1193, 1198-99 (4th Cir.1989), cert. denied, 495 U.S. 940 (1990), where the Fourth Circuit held that a defendant's confession was admissible when the record supported the district court's finding that the defendant was not so intoxicated that "his will was overborne." See also, Colorado v. Connelly, 479 U.S. 157, 167 (1986) where the Supreme Court held "that coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." In this connection, counsel for the appellant concedes that there was no showing of "coercive police activity" on the part of the two Border Patrol agents.
 
 
 9
 Judgment affirmed.
 
 
 
 *
 Honorable Joseph T. Sneed, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Lira-Salcido, the co-defendant, pleaded guilty to Count 1 of the indictment, but appealed the sentence imposed thereon. We affirmed in an unpublished order and judgment, No. 91-2192, United States v. Lira-Salcido, filed June 9, 1992